**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **JENNIFER MARKS** | ) | |
| 7415 Brittney St., Apt. 104 | ) | |
| Merriam, KS 66203 | ) | |
| | ) | |
| | ) | Case No. |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SCRIPPS MEDIA, INC. d/b/a** | ) | |
| **KSHB** | ) | |
| Serve Registered Agent: | ) | |
| CSC-Lawyers Incorporating Service | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Jennifer Marks, by and through counsel, for her Complaint, hereby alleges and states:

## PARTIES

1.      Plaintiff Jennifer Marks ("Plaintiff") resides at 7415 Britney Street, Apt. 104, Merriam, Kansas 66203.

2.      Defendant Scripps Media, Inc. d/b/a KSHB ("Defendant") is a corporation licensed to do business in Missouri and that maintains a Missouri place of business within this District, which is located at 4720 Oak Street, Kansas City, Missouri 64112.  Defendant may be served with process via its Missouri Registered Agent, CSC-Lawyers Incorporating Service, 221 Bolivar Street, Jefferson City, Missouri 65101.

1

## NATURE OF ACTION

3.      Plaintiff seeks relief against Defendant for the disability discrimination and FMLA retaliation she suffered with regard to the terms and conditions of her employment, as prohibited by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended ("ADA") and the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., ("FMLA"), as more fully set forth herein.

## JURISDICTION AND VENUE

4.      This Court has primary jurisdiction pursuant to 28 U.S.C. § 1311 because Plaintiff's claims are brought pursuant to federal law.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in this District and because Defendant regularly transacts business in this District.

6.      Venue is proper in this Court pursuant to the FMLA, 29 U.S. Code § 2617, because this is a federal court of competent jurisdiction.

7.      Defendant is subject to, and a covered employer under, the ADA.

8.      Defendant is subject to, and a covered employer under, the FMLA.

## ADMINISTRATIVE REMEDIES

9.      As a result of the unlawful employment practices alleged herein, on April 26, 2018, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which is attached hereto as Exhibit A and fully incorporated herein.

10.     Plaintiff's Charge culminated into a "Notice of Right to Sue" letter issued by the

2

Equal Employment Opportunity Commission, which Plaintiff received via U.S. mail on June 6, 2018, and said letter is attached hereto as Exhibit B and fully incorporated herein.

11.     Plaintiff is filing this suit within 90 days of Plaintiff's receipt of the Notice of Right to Sue letter and this suit is timely filed.

12.     Plaintiff exhausted all administrative remedies prior to filing this suit.

## FACTUAL ALLEGATIONS

13.     Plaintiff was employed by Defendant in February 2013 as an Executive Administrative Assistant.

14.     Throughout her employment with Defendant, Plaintiff worked at KSHB-TV 41, which is located at 4720 Oak St., Kansas City, Jackson County, Missouri 64112.

15.     Plaintiff suffers from depression and anxiety, which are mental impairments that substantially limit Plaintiff's major life activities of concentrating, thinking, and working; when Plaintiff is in a depressed or anxious state, her ability to focus and concentrate on work is substantially limited.

16.     Despite her depression and anxiety, at all times relevant to this Complaint Plaintiff was able to perform the essential functions of her position as Executive Administrative Assistant, with or without any accommodation.

17.     Plaintiff also suffers from a bulging disc, a chronic back condition that is a permanent physical impairment. Plaintiff's impairment substantially limits her major life activities, including lifting, bending, and working.

18.     Despite her bulging disc, at all times relevant to this Complaint, Plaintiff was able to perform the essential functions of her position as Executive Administrative Assistant, with or without any accommodation.

3

19.     Plaintiff is disabled as that term is defined by the ADA.

20.     At all times relevant hereto, Plaintiff was supervised by Carrie Hoffman, News Director ("Hoffman").

21.     At all times relevant hereto, Plaintiff was also supervised by Steven Watt, Vice President and General Manager ("Watt").

22.     During Plaintiff's employment, Hoffman and Watt had supervisory authority over Plaintiff and had the ability to make decisions affecting the terms and conditions of Plaintiff's employment.

23.     In March 2017, Defendant approved Plaintiff's use of intermittent FMLA leave through December 19, 2017 for medical appointments and unscheduled absences related to her depression and anxiety.

24.     In March 2017, Defendant also approved Plaintiff's use of intermittent FMLA leave through February 11, 2018 for absences related to her spouse's health condition.

25.     Beginning on or about April 17, 2017, Plaintiff was on continuous FMLA leave for approximately three months due to her depression and anxiety.  Upon Plaintiff's return to work, she utilized her existing intermittent FMLA leave for medical appointments.

26.     When Plaintiff returned to work from her continuous FMLA leave, her job duties were not fully restored.  Plaintiff met with Defendant's Human Resources representative, Scott Winkler ("Winkler"), and she expressed her concerns about the change to her position.

27.     In August 2017, Plaintiff's back unexpectedly gave out and she was on continuous FMLA leave for approximately two weeks.

4

28.     After Plaintiff's return from her second continuous FMLA leave, Hoffman's demeanor toward Plaintiff changed. On at least one occasion, Hoffman made remarks about frequently having subordinate employees out on FMLA leave and not wanting to work.

29.     On or about February 3, 2018, Plaintiff received an employee performance review from Hoffman.  The review contained significantly lower scores than Plaintiff's previous reviews, and the low scores prevented Plaintiff from receiving a pay raise.

30.     On or about February 5, 2018, Plaintiff met with Winkler and complained about Hoffman's discriminatory treatment of her.  Plaintiff brought to the meeting her performance review, to which she had added proposed comments in rebuttal to Hoffman's criticisms. Plaintiff complained about the review, stating "I think my FMLA is being held against me."  Winkler replied "I can see how you would feel that way."

31.     On or about February 22, 2018, Defendant discharged Plaintiff's employment.

32.     At the time of her discharge, Plaintiff was still utilizing intermittent FMLA on a periodic basis.

## COUNT I – FMLA Retaliation/Discrimination

33.     Plaintiff hereby restates and incorporates paragraphs 1-32 of this Complaint as though fully set forth herein.

34.     Plaintiff utilized leave pursuant to the FMLA.

35.     Plaintiff exercised her rights pursuant to the FMLA, thereby engaging in protected activity under the FMLA.

36.     At all times relevant hereto and as alleged herein above, Defendant took materially adverse employment actions against Plaintiff, including her discharge.

37. Said adverse treatment of Plaintiff occurred during the time frame that Plaintiff requested and/or utilized FMLA leave.

38. Defendant's treatment of Plaintiff and adverse employment actions against Plaintiff occurred because Plaintiff engaged in protected activity under the FMLA.

39. Said conduct on the part of Defendant was discriminatory and retaliatory under the FMLA.

40. Plaintiff has been damaged by Defendant's illegal conduct in that she has suffered economic damages.

41. Defendant's actions were willful and taken in bad faith and therefore liquidated damages are warranted against Defendant to punish and deter it from such conduct.

WHEREFORE, Plaintiff Jennifer Marks prays for judgment against Defendant Scripps Media, Inc. d/b/a KSHB for her compensatory and liquidated damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost income, fringe benefits, costs, attorneys' fees, any and all other relief available pursuant to the FMLA, and any other relief the Court deems just and proper.

## COUNT II – Disability Discrimination in Violation of the ADA

42. Plaintiff hereby restates and incorporates paragraphs 1-41 of this Complaint as though fully set forth herein.

43. Plaintiff is a qualified individual with disabilities; Plaintiff suffers from depression, anxiety, and a bulging disc.

44. As alleged herein, Plaintiff's disabilities substantially limit one or more of her major life activities.

6

45.    Plaintiff has a record of her disabilities and has been perceived by Defendant to possess these disabilities.

46.    Plaintiff is a disabled individual protected by the provisions of the ADA.

47.    At all times relevant herein, Plaintiff was subject to discriminatory treatment during the course of her employment by Defendant, by and through its agents and employees, on the basis of Plaintiff's disabilities.

48.    Defendant knew or had reason to know of the disability discrimination stated herein and failed to take prompt and effective action to remedy the situation.

49.    Plaintiff suffered adverse employment actions, including discharge.

50.    Defendant discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of her employment on the basis of Plaintiff's disabilities, including discharge.

51.    Plaintiff has been damaged by Defendant's illegal conduct in that she has suffered mental and emotional distress and economic damages.

52.    Defendant's conduct was outrageous and showed an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and, therefore, punitive damages are warranted against Defendant to punish and deter it from such conduct.

WHEREFORE, Plaintiff Jennifer Marks prays for judgment against Defendant Scripps Media, Inc. d/b/a KSHB for her compensatory and punitive damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost income, fringe benefits, costs, attorneys' fees, any and all other relief available pursuant to the ADA, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri as the place of trial in this case.

Respectfully submitted,


By: _/s/ Michael Stipetich_
  Michael Stipetich  MO # 62291
  Smith Mohlman Injury Law, LLC
  4600 Madison Ave., Suite 711
  Kansas City, Missouri 64112
  816.866.7711(office)
  816.866.7715(fax)
  stip@accidentlawkc.com

  *Attorneys for Plaintiff*